IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
EASTERN DIVISION

**HELENA CHEMICAL COMPANY**                                                                    **PLAINTIFF**

v.                                        **2:07-CV-00043-WRW**

**ALLEN LOVELESS,** *et al.*                                                                   **DEFENDANTS**

### ORDER

Pending is Plaintiff's Motion for Summary Judgment (Doc. No. 16). Defendants have responded (Doc. No. 25). Also pending is Defendants' Motion For Leave To File Amended Answer and Counter-Claim (Doc. No. 27). Plaintiff has responded (Doc. No. 30). For the reasons set out below, Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED without prejudice. Defendants' Motion to Amend (Doc. No. 27) is GRANTED. Defendants are directed to file by 5:00 p.m., Tuesday, April 22, 2008, the Amended Answer to Complaint and Counter-Claim attached to its Motion as Exhibit A.

### I. BACKGROUND

Plaintiff filed its Complaint on April 4, 2007, alleging that Defendants owe $310,293.03 for the purchase of soy bean seeds under the terms of a promissory note and guaranty agreement.[1] Plaintiff filed its Motion for Summary Judgment on February 19, 2008.[2] Defendants responded, stating that they would soon file a counter-claim and alleging that Plaintiff sold

---

[1] Doc. No. 1.

[2] Doc. No. 16.

Defendants diseased seed.[3] Defendants then moved the Court for leave to file an amended answer and counterclaim.[4] Plaintiff asserts that Defendants should not be allowed to file a counterclaim now, because Defendants' counterclaim is compulsory and, as such, should have been included in Defendants' original responsive pleadings.[5]

## II. DISCUSSION

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."[6] Under Federal Rule of Civil Procedure 13(a), a compulsory counterclaim "must be asserted in responsive pleadings or it is 'thereafter barred.'"[7] A pleader may, however, ask a court to set up a counterclaim by amendment when, among other reasons, justice so requires.[8] The Eighth Circuit found that "[l]eave to amend to plead an omitted counterclaim should be freely granted, especially when the omitted counterclaim is a compulsory counterclaim, as is the case here."[9]

---

[3]Doc. No. 25.

[4]Doc. No. 27.

[5]Doc. No. 30.

[6]Fed. R. Civ. P. 13(a).

[7]*United States v. Dico, Inc.*, 136 F.3d 572, 577 (8th Cir. 1998) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

[8]Fed. R. Civ. P. 13(f). Federal Rule of Civil Procedure 13(f) reads: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."

[9]*Wayzata Bank & Trust Co. v. A & B Farms*, 855 F.2d 590, 594 (8th Cir. 1988) (citing C. Wright and A. Miller, *Federal Practice and Procedure*, § 1430 at 158 (1971)).

The counterclaim Defendants seek to add is a compulsory counterclaim because it arises out of same transaction as the subject matter of Plaintiff's claim. I find that, in this case, justice requires that Defendants be allowed to set up their claim. Accordingly, Defendants' Motion to Amend (Doc. No. 27) is GRANTED. Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED without prejudice.

IT IS SO ORDERED this 16th day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE