IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HELENA CHEMICAL COMPANY                                       PLAINTIFF

vs.                                  NO. 2:07CV00043 BSM

ALLEN LOVELESS, ET AL                                        DEFENDANTS

## ORDER

Pending before the court is the motion of plaintiff Helena Chemical Company for partial summary judgment (Doc. No. 45).  Defendants Allen Loveless and KDL Farms have responded and plaintiff has replied.  For the reasons set forth below, the motion is granted.

*I. Background*

On March 8, 2006, Loveless, individually and on behalf of KDL Farms, executed an Agricultural Financing Application and Promissory Note in favor of plaintiff.  The promissory note was for a revolving line of credit.  In the note, defendants agreed to repay, with interest, advances for agricultural supplies purchased from plaintiff up to the principal balance of $250,000.00. Between March 14 and May 23, 2006, defendants purchased agricultural supplies on credit from plaintiff in the principal amount of $250,000.00.

On March 25, 2004, Loveless, who is a general and managing partner of KDL Farms, executed a Guaranty Agreement with plaintiff, personally guaranteeing the payment and satisfaction of "any and all indebtedness" of KDL Farms to plaintiff.   Under the terms of the Guaranty Agreement, Loveless unconditionally guaranteed payment to plaintiff of any indebtedness of KDL Farms.

The promissory note came due on December 15, 2006.  The current amount due and owing by defendants is the principal amount of $250,00.00 together with interest.  As of February 18, 2008,

defendants owed $295,108.78 on the note.  Plaintiff filed this action on April 4, 2007, to recover on the promissory note.

Defendants deny owing plaintiff the money.  They filed a counterclaim on April 21, 2008, bringing claims for constructive fraud, breach of contract, negligence and breaches of express warranty, implied warranty of merchantability and implied warranty of fitness for a particular purpose.  The claims arise from defendants' assertion that the soybean seed plaintiff sold or delivered to defendants was infected with a fungus, that plaintiff knew of this and failed to disclose this information to defendants.

## II.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The nonmoving party may not rest on mere allegations or denials of its pleading, but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed.R.Civ.P. 56(e)); s*ee also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587 (citations omitted).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. (citation omitted).

### III.   Analysis

To establish a claim for breach of the promissory note and guaranty agreement, plaintiff must establish the existence of a valid and enforceable contract between plaintiff and defendants, defendants' obligation under the contract,  a violation by defendants, and damages resulting to plaintiff from the breach.  *Rabalais v. Barnett*, 284 Ark. 527, 528-29 (Ark. 1985) (citing *Williams v. Black Lumber Co.*, 275 Ark. 144 (1982))  Here, Loveless, individually and on behalf of KDL Farms executed a promissory note in favor of plaintiff, Loveless executed a valid and enforceable contract of guaranty with plaintiff, defendants had an obligation under these contracts to pay the promissory note at maturity, defendants failed to make the payment, and plaintiff has suffered damages.

Defendants do not dispute the existence of the promissory note and guaranty agreement, nor do they contend that the contracts are in any way ambiguous.  They state that the filing of a counterclaim creates a factual issue as to whether they have a valid defense to plaintiff's claim and whether plaintiff is liable to defendants based on the allegations in the counterclaim.

Defendants' counterclaim is not relevant to their liability on the promissory note.  Nothing in the promissory note has anything to do with the sale or delivery by plaintiff of seed to defendants. *See Brown v. Aquilino*, 271 Ark. 273, 275 (1980) (promissory note is complete on its face with no ambiguous terms).   Even assuming that the allegations in defendants' counterclaim are true, they do not create a genuine issue of material fact as to the existence of the promissary note, defendants' default on the promissory note, and that under the note and the guaranty agreement plaintiff is

entitled to judgment.  *See Fed. Land Bank of St. Louis v. Hopmann*, 658 F. Supp. 92, 95 (E. D. Ark. 1987).  Defendants are liable on the note and guaranty agreement irrespective of the parties' actions concerning the sale of the seed.  *See Lakeland Tool and Eng'g, Inc. v. Thermo Serv., Inc.*, 916 F. 2d 476 (8th Cir. 1990) (applying Minnesota law) (defense of fraudulent concealment did not preclude plaintiff's actions to recover on promissory note).

Furthermore, defendants rest on the mere allegations of their counterclaim  in their attempt to defeat plaintiff's motion.  They have  provided absolutely no factual support in support of their counterclaim.  *See Shearer v. Homestake Min. Co.* , 727 F. 2d 707, 709 (8th Cir. 1984) (party could not successfully oppose motion for summary judgment by merely resting upon allegations of its pleading).

*IV.  Conclusion*

In sum, the court finds that plaintiff is entitled to partial summary judgment on its complaint against defendants and its motion (Doc. No. 45) is granted.  Plaintiff is awarded judgment against defendants in the amount of $295,108.78 through February 18, 2008, with additional pre-judgement interest at the rate of $47.81.

IT IS SO ORDERED this 29th day of August, 2008.


_____
UNITED STATES DISTRICT JUDGE